IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HOLTON UNIFIED SCHOOL DISTRICT NO. 336, JACKSON COUNTY, KANSAS,<br><br>      Plaintiff,<br><br>v.<br><br>NABHOLZ CONSTRUCTION CORP. and HOLLIS + MILLER ARCHITECTS, INC.,<br><br>      Defendants. | Case No. 20-4029-DDC-ADM |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Holton Unified School District No. 336, Jackson County, Kansas ("USD No. 336")'s Motion to Remand (Doc. 18) after defendants removed this action to federal court (Doc. 1). Defendants Nabholz Construction Corp. ("Nabholz") and Hollis + Miller Architects, Inc. ("Hollis") filed a Joint Response in Opposition (Docs. 20 & 21).[1] And plaintiff submitted a Reply (Doc. 31). For reasons explained below, the court denies plaintiff's Motion to Remand.

**I.     Background and Facts**

Plaintiff filed suit in Jackson County, Kansas, alleging defendants breached a contract for constructing a new elementary school in Holton, Kansas. Doc. 1-1 at 2, 6. Plaintiff alleges defendants violated the contract after "discolored water fixtures and blue water were discovered in the elementary school" in January 2017. *Id.* at 3 ¶ 16. Water testing revealed unsafe levels of

---

[1]     Defendants filed Doc. 20 and Doc. 21, both titled "Defendants' Joint Response in Opposition to Plaintiff's Motion to Remand." The only difference the court can discern between the two filings is that Doc. 21 revised the "Background Information" section of Doc. 20. *Compare* Doc. 20 at 2 *with* Doc. 21 at 2. Because the two filings don't differ in substance, the court doesn't need to decide whether it should consider one filing versus the other, or both.

copper and lead in the drinking water. *Id.* at 3 ¶ 18. Plaintiff argues defendants "have breached their agreement to provide services that are consistent with the contract documents and industry standards due to the improper design and installation of the piping and water system in the new Holton Elementary School." *Id.* at 6 ¶ 38. In addition to the breach of contract claim, plaintiff asserts claims for breach of implied warranty, breach of the covenant of good faith and fair dealing, and negligence against both defendants. *Id.* at 7–8. Plaintiff also asserts claims for breach of contract, breach of implied warranty, and negligence against defendant Nabholz for defects in the newly built gymnasium. *Id.* at 9–11. For each of the seven counts in plaintiff's Petition, it seeks damages in excess of $75,000.00. *Id.* at 6–11.

Defendants filed a Notice of Removal in the United States District Court for the District of Kansas. Doc. 1. Defendants contend diversity jurisdiction exists because neither corporate defendant is a citizen of Kansas while plaintiff—a Kansas school district—is. *Id.* at 3 ¶ 9. Their allegations in the Notice provide sufficient information about the citizenship of the two corporate defendants to establish diversity. Defendants also allege the "amount in controversy exceeds $75,000, exclusive of interest and costs." *Id.* at 3 ¶ 10 (citing Pl.'s Pet. Doc. 1-1 at 6–11).

Plaintiff's Motion to Remand to state court contends that "both Defendants consented to jurisdiction in courts of the State of Kansas." Doc. 19 at 3 (Mem. in Supp. of Pl.'s Mot. to Remand). Plaintiff argues that "jurisdiction over any disputes arising out of the contracts . . . is expressly limited by the statutory provisions of [Kan. Stat. Ann. §§] 72-1147 & 72-1148 to courts of the state of Kansas." *Id.* Plaintiff argues "[t]his matter should be remanded because no jurisdiction exists for adjudication by the federal court." *Id.* at 4. It cites Kan. Stat. Ann. § 72-1147(c), which provides:

2

> The board of education of a school district and any officers or employees thereof acting on behalf of the board shall have no power, pursuant to a contract, to submit to the jurisdiction of any court other than a court of the state of Kansas.

Plaintiff also cites Kan. Stat. Ann. § 72-1148(c), which mandates:

> The board of education of a school district may omit any of the mandatory contract provisions prescribed by the department of administration in form DA-146a, as amended, upon the affirmative recorded vote of a majority of the members of the board. The board shall not have the authority to waive or omit from the provisions of any contract the provisions of [Kan. Stat. Ann. §§] 72-1146 or 72-1147, and amendments thereto.

Plaintiff argues that "[t]hese statutory provisions, which are incorporated by law into any contract entered into by a Kansas unified school district, effectively operate as a mandatory forum selection clause and require remand of this action to state court." Doc. 19 at 5; *see also* Kan. Stat. Ann. § 72-1148(b) ("[A]ny contract entered into after the effective date of this act shall be deemed to have incorporated the mandatory contract provisions prescribed by the department of administration in form DA-146a, as amended, even if such provisions are not specifically contained in such contract."). Plaintiff also argues defendants consented to jurisdiction in courts of the state of Kansas and so, the court has personal jurisdiction over defendants. Finally, plaintiff contends that enforcing a mandatory forum selection clause for Kansas state courts would not violate due process. Doc. 19 at 7–10. Plaintiff never contends that the parties' contract actually includes the language that plaintiff characterizes as a forum selection clause. *See* Doc. 19; Doc. 31. Instead, plaintiff argues that the Kansas statutes are incorporated into the contract by operation of law and that defendants should have known about plaintiff's contract limitations. *See* Doc. 19 at 5.

Defendants respond that "[i]n its plain meaning, [Kan. Stat. Ann. §] 72-1147(c) simply prohibits a board of education or any officers or employees thereof from entering into a contract with a forum selection clause outside of the State of Kansas." Doc. 21 at 2. Defendants argue

3

the Kansas statutes do not apply because "[t]here is no forum selection clause in the contracts entered into between the parties." *Id.* Defendants also argue diversity jurisdiction exists and it cannot be limited by state statute under the Supremacy Clause. *Id.* at 5–6.

## II.     Analysis

Plaintiff's Motion to Remand identifies the controlling issue presented by its motion in simple terms: "Whether this action should be remanded to state court?" Doc. 19 at 3. But, this motion actually presents more complex problems. The court divides its analysis of those problems into two parts.

*First*, plaintiff argues that this federal court doesn't have subject matter jurisdiction to hear this suit. Part A, below, takes on this question. Concluding that the court has subject matter jurisdiction, Part B considers whether defendants, by operation of Kansas state law, agreed to a forum selection clause that obliges them to forego their federal law right to remove the case from state court. Part B explains why defendants haven't agreed to forego that right and, so, the court denies plaintiff's remand motion.

### A.  Subject Matter Jurisdiction

The answer to the first question is straight-forward and, to some extent, even one where the parties agree. Defendants' removal notice alleges that the two defendants are of completely diverse citizenship than plaintiff. The two defendants are citizens of Arkansas, Nebraska, and Missouri. Doc. 1 at 3 ¶ 9(b)–(c). The lone plaintiff is a governmental subdivision in the State of Kansas. *Id.* at 3 ¶ 9(a). It thus is a citizen of Kansas. *See* Kan. Stat. Ann. § 12-105a(a) (defining "Municipality" to include school districts); *Moor v. Alameda Cty.*, 411 U.S. 693, 721 (1973) (defining municipalities as citizens of the state for diversity jurisdiction). Defendants' Notice of Removal also asserts that more than $75,000 is in controversy. Doc. 1 at 3 ¶ 10 (citing Pl.'s Pet.

at 6–11 (alleging damages in excess of $75,000)). Together, these assertions satisfy both requirements in 28 U.S.C. § 1332(a). And that conclusion means that plaintiff could have brought the action in federal court, thus making it subject to removal. 28 U.S.C. § 1441(a).

Plaintiff never really disputes that the requirements for diversity jurisdiction are satisfied here. Instead, plaintiff's remand papers contend that this court lacks subject matter jurisdiction because a Kansas statute negated the plaintiff school district from agreeing "'to submit to the jurisdiction of any court other than a court of the state of Kansas.'" Doc. 19 at 4–5 (quoting Kan. Stat. Ann. § 72-1147(c)) (emphasis omitted). And, plaintiff's argument continues, defendants, as parties entering into a contract with a governmental entity, are "deemed to know" about the limitations imposed by state law on the governmental entity's authority to contract. *Id.* at 5 (citing *Wiggins v. Hous. Auth. of Kansas City*, 916 P.2d 718, 720 (Kan. Ct. App. 1996)) (further citations omitted). So, plaintiff concludes, defendants knew that plaintiff couldn't agree to litigate outside a "court of the state of Kansas," *id.* at 4–5, which, plaintiff asserts, means this federal court lacks subject matter jurisdiction to hear the case. *Id.* at 3–4, 10.

This jurisdictional argument directly contradicts *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660 (10th Cir. 2020). There, our Circuit carefully outlined the relationship between federal court subject matter jurisdiction, state statutes, and forum selection clauses:

> "Subject matter jurisdiction defines the court's authority to hear a given type of case." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). "*Only Congress* may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) (emphasis added) (citing U.S. Const. Art. III, § 1). Thus, the scope of a federal court's subject matter jurisdiction is governed exclusively by acts of Congress. And when Congress grants subject matter jurisdiction, no other entity—not the litigants and not the states—can divest a federal court of the same. *See Marshall v. Marshall*, 547 U.S. 293, 313 (2006) ("Jurisdiction is determined 'by the law of the court's creation and cannot be defeated by the extraterritorial

5

> operation of a [state] statute . . . ; even though it created the right of action.'" (alterations in original) (quoting *Tenn. Coal, Iron, & R.R. Co. v. George*, 233 U.S. 354, 360 (1914))); *Ry. Co. v. Whitton's Adm'r*, 80 U.S. (13 Wall.) 270, 286 (1871) ("Whenever a general rule as to property or personal rights . . . is established by State legislation . . . the jurisdiction of the [federal] court in such a case is not subject to State limitation."); *Odom v. Penske Truck Leasing Co., L.P.*, 893 F.3d 739, 742 (10th Cir. 2018) ("Congress alone defines the lower federal courts' subject-matter jurisdiction.").

953 F.3d at 666–67 (footnotes omitted and citations abridged).

*Elna Sefcovic* squarely rejects plaintiff's argument that this court lacks subject matter jurisdiction over this action. Congress conferred jurisdiction on federal district courts to adjudicate disputes between citizens of different states where more than $75,000 is at stake. This case is that case. The Kansas legislature didn't undo that grant of subject matter jurisdiction because it cannot. The court thus rejects plaintiff's subject matter jurisdiction argument.

### B. Mandatory Forum Selection Clause

*Elna Sefcovic* recognizes that when subject matter jurisdiction exists—as it does here—concerns implicated by abstention doctrines or the parties' private agreements may require a federal court to stand down. Specifically, "the Supreme Court has counseled that a district court may, and sometimes must, abstain from hearing a matter that otherwise finds a statutory basis for subject matter jurisdiction." *Elna Sefcovic*, 953 F.3d at 667 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)); *see also Irsik & Doll Feed Servs., Inc. v. Roberts Enters. Invs., Inc.*, No. 6:16-1018-EFM-GEB, 2016 WL 3405175, at *2 (D. Kan. June 21, 2016) (explaining "even if diversity jurisdiction is satisfied, a valid forum-selection clause in a contract may preclude a federal court from exercising jurisdiction if the parties have agreed in that clause to litigate elsewhere"). *But see Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817 (1976) (recognizing the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," and abstention "is the exception, not the rule").

6

So, as discussed in Part II.A., even when the parties have agreed to a forum selection clause that precludes litigating the case in federal court, that provision "has absolutely no bearing on a federal court's subject matter jurisdiction." *Elna Sefcovic*, 953 F.3d at 668. Instead, when the parties' private agreement selects an exclusive venue or forum and one party moves to enforce that agreement, "federal courts give effect to these provisions through a transfer of venue (when the provision points to a different federal forum) or dismissal without prejudice under the doctrine of *forum non conveniens* (when the provision identifies a state or foreign forum)." *Id.* (citing *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59–60 (2013)); *see also* 14D Arthur R. Miller, *Federal Practice & Procedure: Jurisdiction*, § 3803.1 (4th ed. Oct. 2020 update) ("If the forum selection clause requires litigation in a state or foreign court . . . [the district court] may enforce the clause by dismissing the case (or by remanding if the case was removed from state court)."); *id.* (explaining "if the case was removed from a state court that was contractually the exclusive site for adjudication, the district court should remand the case to state court").

Plaintiff contends the parties agreed to a mandatory forum selection clause, Doc. 19 at 5–6; Doc. 31, but it moves for remand based on lack of jurisdiction and not based on improper venue or *forum non conveniens*. *See* Doc. 19 at 3–4, 10 (moving for remand and arguing this court lacks jurisdiction because the Kansas statutes provide for jurisdiction only in Kansas state courts). Plaintiff argues that Kan. Stat. Ann. § 72-1147(c) functions as a mandatory forum selection clause, incorporated into the parties' contracts by operation of law, that binds the parties to litigate only in Kansas state courts. Doc. 31 at 1 (citing *Irsik*, 2016 WL 3405175, at *7). The court first summarizes the law about what constitutes a mandatory forum selection clause. Then, it turns to plaintiff's argument that the court should remand the case here because

7

a mandatory forum selection clause requires it to refrain from exercising its subject matter jurisdiction.

### 1. Forum Selection Clauses and the Right to Remove

A forum selection clause in a contract can operate to preclude removal of a case to federal court. *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320–21 (10th Cir. 1997) (affirming district court's holding that contractual agreement to litigate any disputes in a particular county venue in Colorado precluded removal to federal court and requiring remand to state court). Forum selection clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992); *see also Excell*, 106 F.3d at 321 (explaining the only way for an opposing party "to avoid the effect of [a mandatory forum selection] clause is to demonstrate that it is unfair or unreasonable"). And so, where a forum selection clause contains language mandating a particular forum—such as "venue *shall* be proper in" a particular county—a court generally should remand a case removed in violation of such an agreement back to the agreed state court venue. *Milk 'N' More*, 963 F.2d at 1345–46 (holding clause stating "venue shall be proper . . . in Johnson County, Kansas" clearly and unequivocally mandated the parties to litigate in a state court in that county because the word "shall" shows "a mandatory intent" and the phrasing "strongly points to the state court of that county" (internal quotation marks omitted)). But, not all forum selection clauses are mandatory ones and courts must be "mindful that a waiver of one's statutory right to remove a case from a state to a federal court must be clear and unequivocal." *Id.* (citations and internal quotation marks omitted).

The Tenth Circuit has "stated the general rule in interpreting forum selection clauses," referring to them as either permissive or mandatory, in this fashion:

8

> where venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.

*Elna Sefcovic*, 953 F.3d at 673 (quoting *K & V Sci. Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 499 (10th Cir. 2002)). "Mandatory forum selection clauses 'contain[ ] clear language showing that jurisdiction is appropriate only in the designated forum.'" *Excell, Inc.*, 106 F.3d at 321 (quoting *Thompson v. Founders Grp. Intern., Inc.*, 886 P.2d 904, 910 (Kan. Ct. App. 1994)). In contrast, "permissive forum selection clauses authorize jurisdiction in a designated forum, but do not 'prohibit litigation elsewhere.'" *Id.* (quoting *Thompson*, 886 P.2d at 910). So, if a forum selection clause contains "clear and mandatory" language specifying a state court venue, the case cannot be removed to federal court unless the removing party can "demonstrate [the clause] is unfair or unreasonable." *Id.*; *see also Federal Practice and Procedure*, *supra* at § 3803.1 (explaining a mandatory forum selection clause is one that "contain[s] clear language that litigation will proceed exclusively in the designated form" and a permissive forum selection clause is one that "authorize[s] jurisdiction and venue in a designated forum, but do[es] not prohibit litigation elsewhere[,]" and so, "[p]ermissive clauses do not constitute a waiver of a party's right to remove a case from state to federal court").

### 2. Analysis

Here, for reasons explained below, the court concludes plaintiff hasn't identified a mandatory forum selection clause that precludes removal to federal court. Plaintiff's forum selection clause argument relies on three provisions in Kansas statutes. *First*, Kan. Stat. Ann. § 72-1147(c) provides:

> The board of education of a school district and any officers or employees thereof acting on behalf of the board shall have no power, pursuant to a contract, to submit to the jurisdiction of any court other than a court of the state of Kansas.

9

*Second*, Kan. Stat. Ann. § 72-1148(c) mandates:

> The board of education of a school district may omit any of the mandatory contract provisions prescribed by the department of administration in form DA-146a, as amended, upon the affirmative recorded vote of a majority of the members of the board. The board shall not have the authority to waive or omit from the provisions of any contract the provisions of [Kan. Stat. Ann. §§] 72-1146 or 72-1147, and amendments thereto.

*Last*, Kan. Stat. Ann. § 72-1148(b) provides:

> [A]ny contract entered into after the effective date of this act shall be deemed to have incorporated the mandatory contract provisions prescribed by the department of administration in form DA-146a, as amended, even if such provisions are not specifically contained in such contract.

Plaintiff never contends the parties' contract explicitly includes a forum selection clause. Instead, it argues that Kan. Stat. Ann. §§ 72-1147(c) and 72-1148(c) statutorily "limited the jurisdiction or forum where disputes" over defendants' contracts with plaintiff "could be resolved" to only Kansas state courts. Doc. 19 at 5. It asserts these statutes—which provide a school district can't submit to the jurisdiction of a non-Kansas court by contract and can't waive or omit from a contract the provisions in § 72-1147[2]—"effectively operate as a mandatory forum

---

[2]   In addition to restricting a school district's power, by contract, to submit to the jurisdiction of a non-Kansas court, Kan. Stat. Ann. § 72-1147 sets out other contractual requirements for school districts. It provides:

> (a)   It is the public policy of the state of Kansas that all contracts entered into by the board of education of a school district, or any officers or employees thereof acting on behalf of the board, shall be governed by and interpreted in accordance with the laws of the state of Kansas.
> (b)   The board of education of a school district and any of its officers or employees acting on behalf of the board shall have no power to enter into a contract which provides that the contract shall be governed by or interpreted in accordance with the laws of a state other than the state of Kansas.
> (c)   The board of education of a school district and any officers or employees thereof acting on behalf of the board shall have no power, pursuant to a contract, to submit to the jurisdiction of any court other than a court of the state of Kansas.
> (d)   The provisions of any contract entered into in violation of this section shall be contrary to the public policy of the state of Kansas and shall be void and unenforceable.

selection clause" and are "incorporated by law into any contract" with a school district. *Id.* And, based on the language in those statutory provisions, it argues, defendants are deemed to know a municipality's limits on its ability to contract, so defendants knew they could litigate contractual disputes with plaintiff only in Kansas state courts. *Id.* at 5–7. According to plaintiff, this means defendants can't remove the case to federal court unless they can show the clause is unfair or unreasonable. *Id.*

Defendants respond that they don't seek to do anything forbidden by § 72-1447(c). They argue Kan. Stat. Ann. § 72-1147(c) simply precludes a school district, by contract, from "submit[ting] to the jurisdiction of any court other than a court of the state of Kansas." Doc. 21 at 2, 4 (citing Kan. Stat. Ann. §72-1147(c)). But, defendants argue, the parties never agreed—by contract—to submit to jurisdiction in this federal court. Doc. 21 at 2. Instead, defendants explain that their removal relies on the federal removal and diversity statutes for subject matter jurisdiction because the contracts contained no forum selection clauses. *Id.* at 2–4. And, they point out that plaintiff doesn't cite "any Kansas case law holding that [Kan. Stat. Ann. § 72-1147] precludes removal to federal court." *Id.* at 2. Defendants contend nothing in this statute "prohibit[s] [p]laintiff from being subject to jurisdiction" in this court. *Id.* at 4. And, they argue under the Supremacy Clause the federal diversity statute preempts any contrary state statute limiting the court's jurisdiction over a dispute involving a school district. *Id.* at 5–6. In short, defendants focus on this court's jurisdiction—because that's how plaintiff framed the issue— arguing diversity jurisdiction exists. *Id.* at 2–6. And as part of that discussion, they contend that Kan. Stat. Ann. § 72-1147(c) doesn't apply here. *Id.* at 2, 4.

In its Reply, plaintiff focuses less on jurisdictional language and more on whether the Kansas statutes impose a mandatory forum selection clause that binds the parties to this contract

11

and that this court should honor that putative "agreement." *See* Doc. 31. Plaintiff elaborated on why it believes the Kansas statutory provisions are incorporated into the parties' contracts and function as forum selection clauses. *Id.* at 1–3. Plaintiff's Reply referenced explicitly for the first time § 72-1148(b)—the statutory provision that provides certain mandatory contract provisions are deemed incorporated into a contract with a school district. *Id.* And it reiterated its belief that Kan. Stat. Ann. § 72-1147(c) effectively operates as a mandatory forum selection clause, allowing defendants to litigate in federal court only if they can demonstrate enforcing the clause would be unfair and unreasonable. *Id.* at 2–4.

Plaintiff's argument suffers from two problems. *First*, the plain language of Kan. Stat. Ann. § 72-1147(c) doesn't contain exclusive or mandatory language requiring all contractual disputes between the parties to be litigated only in Kansas state courts. *Second*, Kan. Stat. Ann. § 72-1148(b) deems incorporated contract provisions specified in form DA-146a, and not the statutory language found in Kan. Stat. Ann. § 72-1147(c). But, plaintiff never provides this form to the court or presents arguments whether the venue provision in form DA-146a, that the Kansas statute actually deems incorporated, constitutes a mandatory forum selection clause.

The court first considers the language in the Kansas statutes themselves. Kan. Stat. Ann. § 72-1147(c) prohibits a school district from, "pursuant to a contract, [ ] submit[ting] to the jurisdiction of any court other than a court of the state of Kansas." And Kan. Stat. Ann. § 72-1148(c) provides a school district doesn't have the "authority to waive or omit from the provisions of any contract" Kan. Stat. Ann. § 72-1147's provisions. It's true that a municipality can't "bind itself by any contract which is beyond the scope of its powers, and all persons contracting with the [municipality] are deemed to know its limitations." *Wiggins v. Hous. Auth. of Kansas City*, 916 P.2d 718, 720 (Kan. Ct. App. 1996). So, defendants are deemed to know

12

that plaintiff couldn't bind itself to a contract that, by its terms, submitted plaintiff "to the jurisdiction of any court other than a court *of* the state of Kansas." *See id.*; Kan. Stat. Ann. § 72-1147(c) (emphasis added). It's also true that language referring to courts "*of* the state of Kansas" refers only to Kansas state courts and not this federal court because this court is a court "*of* the United States of America." *See Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 926 (10th Cir. 2005); *see also Federal Practice and Procedure*, *supra* at § 3803.1 (explaining if a mandatory forum selection clause refers to courts "'of' a specific state, and not 'in' that state" then the "state court is prescribed"). But plaintiff hasn't shown this limitation in Kan. Stat. Ann. § 72-1147(c) functions as a *mandatory* forum selection clause that binds defendants to litigate *only* in Kansas state courts.

*American Soda* explained that a forum selection clause designating a "state court system as the forum for resolution of disputes arising out the contract" is a *mandatory* forum selection clause if it contains language showing that "jurisdiction is appropriate *only* in the designated forum." *Am. Soda*, 428 F.3d at 926–27 (emphasis added) (citation and internal quotation marks omitted). So, a forum selection clause requires the parties to litigate in state court if the state court designation is "accompanied by mandatory or obligatory language" showing the parties' "intent to make venue exclusive" in state court. *Id.* at 927. The clause at issue in *American Soda* was a mandatory one requiring the parties to litigate only in Colorado courts because the forum selection clause provided that the parties "agree that the Courts of the State of Colorado/Arbitrator *shall be the exclusive forum for the resolution of any disputes* related to or arising out of this Term Agreement." *Id.* at 924 (emphasis added). Since the parties clearly had "indicated their intent to make venue exclusive in state court," the Tenth Circuit held defendant had "unequivocally waived its right to remove [the] lawsuit to federal court." *Id.*

13

Even if Kan. Stat. Ann. § 72-1147(c) is imposed as part of the parties' contract, it does not contain clear language specifying that Kansas state courts are the *exclusive* venue where jurisdiction is appropriate. *See id.*; *see also Elna Sefcovic*, 953 F.3d at 673–74 (concluding a provision that specified a state court would have "'continuing jurisdiction' to enforce" the parties' agreement was not a mandatory clause because it didn't require all actions be brought in the state court, restrict the parties ability to sue elsewhere, or manifest an intent by the parties to litigate exclusively in that court); *Excell, Inc.*, 106 F.3d at 320–21 (explaining a forum selection clause that stated "venue shall lie in the County of El Paso, Colorado" was mandatory because the language was "clear and mandatory" and referred to a specific county). Instead, the Kansas provisions merely prohibit a municipality, like plaintiff, from "pursuant to a contract, [ ] submit[ting] to the jurisdiction of any court other than a court of the state of Kansas." Kan. Stat. Ann. § 72-1147(c). It doesn't require clearly that all actions for disputes between the parties must be brought in Kansas state courts or restrict defendants' ability to bring suit in federal court. *See Elna Sefcovic*, 953 F.3d at 673–74. Nor does it suggest that plaintiff and defendants intended venue in state court to be mandatory. *See id.* Indeed, the statute speaks only to plaintiff's contractual authority. In short, even though defendants are deemed to know a school district doesn't have the power "pursuant to a contract, to submit to the jurisdiction" of a non-Kansas state court, the language in §72-1147(c) doesn't clearly and unequivocally waive defendants right to remove the case to federal court by invoking the federal removal and diversity statutes. *See Elna Sefcovic*, 953 F.3d at 673; *Milk 'N' More*, 963 F.2d at 1346.

Plaintiff asserts the court should assume the parties' contract—by operation of law—contains a provision mirroring the language in Kan. Stat. Ann. § 72-1147(c)—*i.e.*, language where plaintiff submits to Kansas state court jurisdiction, but doesn't overstep its statutory

14

authority by submitting to the jurisdiction of any other court. And, plaintiff contends the court also should assume that this statute creates a forum selection clause making Kansas state courts the *only* venue where jurisdiction is appropriate. But plaintiff ignores that a contract provision could comply with Kan. Stat. Ann. § 72-1147(c) without constituting a *mandatory* forum selection clause. For example, what if the clause stated: "The parties submit to jurisdiction of courts of the state of Kansas"? This language would authorize jurisdiction in Kansas state courts, but it doesn't prohibit litigation elsewhere or contain language manifesting an intent to limit venue to Kansas state courts exclusively. *See K & V Sci. Co.*, 314 F.3d at 497–501 (holding forum selection clause that provided "[j]urisdiction for all and any disputes . . . is Munich" was permissive because the clause "refers only to jurisdiction, and does so in non-exclusive terms (e.g., there is no use of the terms 'exclusive,' 'sole' or 'only')" and explaining that even if the language was ambiguous it would be construed against the drafter). Thus, such a clause would constitute a permissive forum selection clause complying with Kan. Stat. Ann. § 72-1147(c) but such a clause doesn't preclude removal. *See id.*; *see also Federal Practice and Procedure*, *supra* at § 3803.1 (explaining "[p]ermissive clauses do not constitute a waiver of a party's right to remove a case from state to federal court").

This conclusion that Kan. Stat. Ann. § 1147(c) doesn't require the parties to resolve their disputes exclusively in Kansas state courts is reinforced by Kan. Stat. Ann. § 1148's provisions. That statute provides that contracts entered into by school districts must contain the "mandatory contract provisions prescribed by the department of administration in form DA-146a," and, if school district contracts fail to do so, the provisions are "deemed to [be] incorporated." Kan. Stat. Ann. §§ 72-1148(a)-(b). Contrary to plaintiff's argument, § 72-1148(b) doesn't command incorporating the language of § 72-1147(c) directly into the parties' contract. Instead, it deems

15

incorporated the mandatory contract provisions *in form DA-146a*. *See* Kan. Stat. Ann. § 1148(b).

Notably, plaintiff never provides the court with the mandatory contract provisions in form DA-146a. Form DA-146a, written by the Kansas Department of Administration and available on the state website, includes a forum selection clause. KAN. DEP'T. OF ADMIN., Document Center, DA 146 Contractual Provisions, https://www.admin.ks.gov/resources/document-center (uploaded Oct. 29, 2019). It states:

> 2. **Kansas Law and Venue**:  This contract shall be subject to, governed by, and construed according to the laws of the State of Kansas, and jurisdiction and venue of any suit in connection with this contract *shall reside only in courts located in the State of Kansas.*

*Id.* (emphasis added). This venue provision, by its plain language, permits venue "in courts located *in* the state of Kansas." *Id.* Plaintiff never suggests that this forum selection clause would preclude removal to this court. After all, this court is "located in the State of Kansas." In short, plaintiff's remand argument ignores the Kansas statute's directive to deem incorporated the contractual provisions in form DA-146a.

Plaintiff hasn't shown that the parties agreed to resolve any disputes exclusively in Kansas state courts—to the exclusion of the federal court in Kansas—or that defendants clearly and unequivocally waived their right to remove the case to federal court. The court thus overrules plaintiff's remand arguments that assert a mandatory forum selection clause precludes removal.

### III. Conclusion

The court concludes that complete diversity exists and more than $75,000 is in controversy. Section 1332 of Title 28 of the United States Code thus confers subject matter jurisdiction over this action. Plaintiff also hasn't met its burden to prove the court shouldn't

exercise its jurisdiction over this case because of a mandatory forum selection. The court thus overrules plaintiff's Motion to Remand (Doc. 18).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Remand (Doc. 18) is overruled.

**IT IS SO ORDERED.**

**Dated this 8th day of December, 2020, at Kansas City, Kansas.**

                                         **s/ Daniel D. Crabtree**
                                         **Daniel D. Crabtree**
                                         **United States District Judge**